THOMPSON *v.* ROSS *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

Appeal from circuit court, Kings county.

Action by John Thompson against P. Sandford Ross and Joseph B. Sandford, for injuries to the person of plaintiff while in the employ of defendants, at the same time and under the same circumstances as the injury to plaintiff in the case of Tonneson against the same defendants, *ante,* 150. From a judgment for plaintiff, entered on the verdict of a jury, defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Robert D. Benedict,* for appellants. *J. Edward Swanstrom,* for respondent.

BARNARD, P. J., for affirmance of the judgment, on opinion in *Tonneson* v. *Ross, ante,* 150.

DYKMAN, J., concurs.

PRATT, J., (*dissenting.*) The verdict for plaintiff went upon the sole ground that defendants employed in their business an overseer or "captain" who was, by his habits of intoxication, rendered an improper person to be intrusted with such work, and that defendants were chargeable with notice of his incompetence. In answer to this it is shown by plaintiff's testimony that he was fully aware of the captain's incompetence and continued thereafter to work under him without objection or complaint. It appears that plaintiff's brother worked under the captain two years before the plaintiff entered on the employment, and he testified that during these two years the captain was an habitual drunkard. Plaintiff testifies that before he went there he had often been told that the captain was drunk, and that during his term of service, and before the accident, he had himself been a witness to the captain's intoxication. Speaking of the captain he says, "I saw him like a crazy man pretty near every day. * * * He looks drunk pretty near every day;" and goes on to say that before he went there his brother many a time told him the captain was drunk. Upon this testimony it must be held that the plaintiff took the hazard of working under an intoxicated man. The motion for nonsuit should have been granted. Judgment reversed, and new trial granted, with costs to appellant.